**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4905**

———————

UNITED STATES OF AMERICA,

                    Plaintiff - Appellee,

         v.

JAKE SMITH,

                    Defendant - Appellant.

———————

Appeal from the United States District Court for the Northern
District of West Virginia, at Clarksburg.   Irene M. Keeley,
District Judge.  (1:12-cr-00060-IMK-JSK-1)

———————

Submitted:  May 30, 2013            Decided:  June 4, 2013

———————

Before SHEDD, DIAZ, and THACKER, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian J. Kornbrath, Federal Public Defender, Clarksburg, West
Virginia, for Appellant.   William J. Ihlenfeld, II, United
States Attorney, Zelda E. Wesley, Assistant United States
Attorney, Clarksburg, West Virginia, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jake Smith appeals from his conviction and 151-month sentence imposed after he pled guilty pursuant to a plea agreement to one count of aiding and abetting in the distribution of cocaine hydrochloride within 1000 feet of a protected location, in violation of 18 U.S.C. § 2 (2006); 21 U.S.C.A. §§ 840(a)(1), (b)(1)(C), 860 (West 1999 & Supp. 2012). Smith's sole argument on appeal is that his below-Guidelines sentence is greater than necessary to comply with the purposes of 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2012). We reject Smith's argument and affirm the district court's judgment.

We review Smith's sentence under a deferential abuse-of-discretion standard. Gall v. United States, 552 U.S. 38, 51 (2007); United States v. King, 673 F.3d 274, 283 (4th Cir.), cert. denied, 133 S. Ct. 216 (2012). This review requires consideration of both the procedural and substantive reasonableness of the sentence. Gall, 552 U.S. at 51; United States v. Lynn, 592 F.3d 572, 575 (4th Cir. 2010). After determining whether the district court correctly calculated the advisory Guidelines range, we must decide whether the court considered the § 3553(a) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Lynn, 592 F.3d at 575-76; United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).

Once we have determined that the sentence is free of procedural error, we consider the substantive reasonableness of the sentence, "tak[ing] into account the totality of the circumstances[.]" Gall, 552 U.S. at 51. If the sentence is within the appropriate Guidelines range, we apply a presumption on appeal that the sentence is reasonable. United States v. Mendoza–Mendoza, 597 F.3d 212, 216-17 (4th Cir. 2010). Where the district court imposes a departure or variant sentence, we consider "whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." United States v. Hernandez-Villanueva, 473 F.3d 118, 123 (4th Cir. 2007). The district court "has flexibility in fashioning a sentence outside of the Guidelines range," and need only "'set forth enough to satisfy the appellate court that it has considered the parties' arguments and has a reasoned basis'" for its decision. United States v. Diosdado-Star, 630 F.3d 359, 364 (4th Cir. 2011) (quoting Rita v. United States, 551 U.S. 338, 356 (2007)) (brackets omitted).

Smith asks us to vacate his sentence and remand to the district court for resentencing. According to Smith, sentencing him as a career offender was "unnecessary" given the circumstances of his case. We have reviewed the record and have considered the parties' arguments and conclude that the district

3

court properly exercised its discretion to reject Smith's arguments in mitigation. See United States v. Jeffery, 631 F.3d 669, 679-80 (4th Cir. 2011) (recognizing that appellate courts must give due deference to district court's broad discretion in determining weight to be given to § 3553(a) factors when choosing an appropriate sentence); United States v. Evans, 526 F.3d 155, 162 (4th Cir. 2008) (recognizing that deference to a district court's sentence is required because "the sentencing judge is in a superior position to find facts and judge their import under § 3553(a) in the individual case") (brackets omitted).

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED