**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

―――――――――

**No. 17-6184**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JAKE SMITH,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the Northern District of West Virginia, at Clarksburg.  Irene M. Keeley, District Judge.  (1:12-cr-00060-IMK-MJA-1)

―――――――――

Submitted:  July 27, 2017                                    Decided:  July 31, 2017

―――――――――

Before AGEE and FLOYD, Circuit Judges, and HAMILTON, Senior Circuit Judge.

―――――――――

Dismissed by unpublished per curiam opinion.

―――――――――

Jake Smith, Appellant Pro Se.  Zelda Elizabeth Wesley, Assistant United States Attorney, Clarksburg, West Virginia, for Appellee.

―――――――――

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jake Smith seeks to appeal his conviction and the 151-month sentence imposed after he pled guilty, pursuant to a plea agreement, to one count of aiding and abetting in the distribution of cocaine hydrochloride within 1000 feet of a protected location, in violation of 18 U.S.C. § 2 (2012); 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 860 (2012). The criminal judgment against Smith was affirmed by this court by unpublished per curiam opinion filed on June 4, 2013, and the mandate in that appeal issued on June 26, 2013. *See United States v. Smith*, 522 F. App'x 182 (4th Cir. 2013) (No. 12-4905). Because we have previously affirmed the district court's judgment, this appeal is duplicative.

To the extent that Smith's appellate filings could be construed as a challenge to this court's previous opinion affirming the district court's judgment, the time for filing a rehearing petition expired long ago. *See* Fed. R. App. P. 40(a)(1) ("Unless the time is shortened or extended by order or local rule, a petition for panel rehearing may be filed within 14 days after entry of judgment."). Moreover, this court may recall its mandate to avoid injustice only in exceptional cases. *See Alphin v. Henson*, 552 F.2d 1033, 1035 (4th Cir. 1977). "The sparing use of the power demonstrates it is one of last resort, to be held in reserve against grave, unforeseen contingencies." *Calderon v. Thompson*, 523 U.S. 538, 550 (1998). Smith's is not an exceptional case and, thus, the district court's judgment is not subject to relitigation before this court.

Accordingly, we dismiss the appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*